# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

PJC TECHNOLOGIES, INC.
*d/b/a Metro Circuits and d/b/a Speedy Circuits*,

                              Debtor/Appellant,

            -vs-                                10-MC-6005-CJS

C3 CAPITAL PARTNERS, L.P.,               DECISION and ORDER

                              Appellee,

MICHAEL T. POWERS,

                              Trustee.

## APPEARANCES

| | |
|---|---|
| For Debtor/Appellant: | Sanford P. Rosen, Esq.<br>Rosen & Associates, P.C.<br>747 Third Avenue<br>New York, NY 10017-2803<br>(212) 223-1100 |
| | William Brueckner, Esq.<br>Underberg & Kessler LLP<br>300 Bausch & Lomb Place<br>Rochester , NY 14604<br>(585) 258-2800 |
| For Appellee: | Jerry L. Switzer, Jr., Esq.<br>Polsinelli Shughart PC<br>161 North Clark Street Suite 4200<br>Chicago, IL 60601<br>(312) 873-3626 |
| | David L. Rasmussen, Esq.<br>Davidson Fink LLP<br>28 East Main Street Suite 1700<br>Rochester , NY 14614<br>(585) 756-5952 |

**INTRODUCTION**

**Siragusa, J.** Appellant PJC Technologies, Inc. ("PJC") has moved (Docket No. 2) for a stay, without a bond, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. In that regard, PJC seeks to prohibit Appellee C3 Capital Partners, L.P. ("C3 Capital") from selling, or otherwise disposing of PJC's stock, owned by a third party, at the public auction, scheduled for January 29, 2010, pending PJC's appeal to this Court from the January 20, 2010, Decision and Order of the Bankruptcy Court. The Bankruptcy Court's Decision and Order was entered in PJC's adversary proceeding against C3 Capital, Adversary Proceeding No. 09-2119, and denied the PJC's motion for a preliminary injunction. Following a full briefing and oral argument on the motion for a stay, the Court denies the application.

**BACKGROUND**

On January 20, 2010, the Honorable John C. Ninfo, II, U.S. Bankruptcy Judge, entered a written Decision and Order denying PJC's application for an injunction to prohibit sale of its stock pending its reorganization pursuant to Chapter 11 of the Bankruptcy Code. The stock at issue is owned by the Peter J. Casson Declaration of Trust, which is not a party either to the adversary or the Chapter 11 proceeding, or the subject application for a stay. PJC argues that without the stay, the sale of its stock will go through on Friday, January 29, 2010, and it will thereby lose its ability to appeal the Bankruptcy Court's decision denying its request for a discretionary injunction.

**STANDARDS OF LAW**

First, with regard to the question of a stay, Rule 8005 of the Federal Rules of Bankruptcy Procedure provides in relevant par as follows:

> Rule 8005. Stay Pending Appeal
>
> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal…may be made to the district court….

*Id*. (1987). The Second Circuit, in *Hirschfeld v. Board of Elections, City of New York*, 984 F.2d 35 (2d Cir. 1993), set out the factors the Court must consider:

> In this Circuit, four factors are considered before staying the actions of a lower court: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated "'a substantial possibility, although less than a likelihood, of success'" on appeal, and (4) the public interests that may be affected.

*Id*. at 39 (citations omitted); *see also In re Country Squire Assoc. Of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. BAP 1996) (applying the *Hirschfeld* factors to a stay requested under Bankruptcy Rule 8005). The Second Circuit has "also noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that '"more of one [factor] excuses less of the other."' *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir.2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

The underlying action being appealed for which the stay is being sought relates to Judge Ninfo's decision denying PJC's request for an injunction, pursuant to Bankruptcy Code section 105, prohibiting the sale of its stock. Section 105, in relevant part, states:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed

to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (2005).

## ANALYSIS

In asking the Court to enjoin the sale of its stock pursuant to Rule 8005, PJC is, in effect, asking the Court to grant the relief Judge Ninfo denied under section 105. The Court interprets *Hirschfeld* and *In re World Trade Center*, discussed above, as requiring some showing on *each* of the four factors before a stay can be issued pursuant to Rule 8005. Although a weak showing on one factor may be overcome by a strong showing on another, each factor must, nonetheless, be established. In this case, the Court determines that the requirement that the PJC show "'a substantial possibility, although less than a likelihood, of success'" on appeal has not been met.

On appeal, this Court is required to review Judge Ninfo's decision not to issue a preliminary injunction under Bankruptcy Code 105 on an abuse of discretion standard. See *In re Calpine Corp.*, 365 B.R. 401, 407 (S.D.N.Y. 2007); *In re Chateaugay Corp.,* 109 B.R. 613, 621 (S.D.N.Y. 1990). As the district court explained in *In re Calpine Corp.*, 365 B.R. 401 (S.D.N.Y. 2007):

> Section 105 of the Code states that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under certain circumstances, a bankruptcy court has discretion to enjoin a civil proceeding against a non-debtor under section 105. "A request by a debtor for an injunction under section 105(a) pending confirmation of the debtor's plans for reorganization is regarded as a request for a preliminary injunction." Although the Second Circuit has declined to enunciate an explicit test for when an injunction should issue, courts have applied the "traditional preliminary injunction standard as modified to fit the bankruptcy context." Thus, in the bankruptcy context, the court should evaluate the following factors: (1) whether there is a likelihood of successful

reorganization; (2) whether there is an imminent irreparable harm to the estate in the absence of an injunction; (3) whether the balance of harms tips in favor of the moving party; and (4) whether the public interest weighs in favor of an injunction. In evaluating these factors, the court takes a "flexible approach and no one factor is determinative."

*Id*., at 409 (citations and footnotes omitted). Accordingly, on this stay application, the Court must find that there is a substantial possibility, although less than a likelihood, that PJC can show that Judge Ninfo abused his discretion in determining, *inter alia*, that PJC "has failed to demonstrate…that there is sufficient certainty that the Sale will result in imminent, irreparable harm to the Debtor, or to its reorganization efforts, or that there is a reasonable likelihood that the Debtor can successfully reorganize pursuant to its filed plan…." Decision and Order, *PJC Technologies, Inc. v. C3 Capital Partners, LP*, No. AP 09-2119 (Jan. 20, 2010), at 2.

As the district court pointed out in *In re Calpine Corp.*, 365 B.R. 401 (S.D.N.Y. 2007):

> there is a limited exception to the imminent irreparable harm requirement that permits the court to issue a "preliminary injunction in the bankruptcy context where the action to be enjoined is one that threatens the reorganization process." However, "[e]ven under this narrow exception, the threat to the reorganization process must be imminent, substantial and irreparable."

*Id*., at 409–10 (citations and footnotes omitted) (quoting *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., Inc.*, No. 06 Civ. 5358 (PKC), 2006 W.L. 3755175, *4 (Dec. 20, 2006)). "Where there is a *showing* that the action sought to be enjoined *would* burden, delay or otherwise impede the reorganization proceedings or if the stay is necessary to preserve or protect the debtor's estate or reorganization prospects, the Bankruptcy Court may issue injunctive relief." *In re Calpine Corp.*, 354 B.R. 45, 48 (Bkrtcy. S.D.N.Y. 2006) (emphasis added).

PJC obtained post petition financing from Marquette Business Credit, Inc. ("Marquette"). PJC now argues that the stock sale will trigger the default provisions of its financing agreement with Marquette and speculates that, as a result, Marquette will holdd PJC in default. However, the evidence before Judge Ninfo showed that Marquette was not then "in a position to predict or determine what, if any, actions it will take upon the occurrence of future Defaults or Events of Default, including, without limitation, such that may arise from the Defendant's proposed UCC sale, no matter who the buyer might be." (Statement of Marquette Business Credit, Inc., *In re PJC Technologies*, No. 09-22733 (Docket No. 9) ¶ 4 (W.D.N.Y. Bankr. Jan. 8, 2010).) Moreover, PJC's assertion that the stock sale will result in the removal of its CEO is, likewise, speculative, as is the contention that management employees will leave the company. Thus, on the underlying matter, Judge Ninfo's decision to deny the issuance of a preliminary injunction enjoining the stock sale, PJC has not shown a substantial possibility of success on appeal.

## CONCLUSION

PJC's application (Docket No. 2) for a stay pending appeal is denied. PJC is directed to advise the Court by February 26, 2010, whether the appeal will be discontinued in light of the Court's ruling on the stay.

IT IS SO ORDERED.

Dated: January 27, 2010
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge